IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

SALVADOR PALACIOS,

    Plaintiff,

v.                                                            No. CV 11-0584 MV/WPL

ERIC HOLDER, U.S. ATTORNEY
GENERAL;
U.S. BUREAU OF PRISON;
CIBOLA CORRECTIONAL CENTER;
CORRECTIONS CORPORATION OF
AMERICA; AND
MR. LEE VAUGHN, WARDEN
OF CIBOLA CORRECTIONAL CENTER,

    Respondents.

MEMORANDUM OPINION AND ORDER

      This matter is before the Court, *sua sponte* under 28 U.S.C. § 1915(e)(2) and rule 12(b)(6) of the Federal Rules of Civil Procedure, on Plaintiff's Motion Challenging Conditions of Incarceration, construed herein as a complaint for constitutional violations (the "complaint"). Plaintiff is incarcerated, appears pro se, and is proceeding in forma pauperis. For the reasons below, Plaintiff's claims against certain Defendants will be dismissed.

      The Court has the discretion to dismiss an in forma pauperis complaint *sua sponte* under §1915(e)(2) "at any time if . . . the action . . . is frivolous or malicious; [or] fails to state a claim on which relief may be granted." The Court also may dismiss a complaint *sua sponte* under Fed. R. Civ. P. 12(b)(6) for failure to state a claim if "it is 'patently obvious' that the plaintiff could not prevail on the facts alleged, and allowing him an opportunity to amend his complaint would be futile." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (quoting *McKinney v. Oklahoma,*

*Dep't of Human Services*, 925 F.2d 363, 365 (10th Cir. 1991)).  A plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  In reviewing Plaintiff's pro se complaint, the Court applies the same legal standards applicable to pleadings drafted by counsel but liberally construes the allegations.  *See Northington v. Jackson*, 973 F.2d 1518, 1520-21 (10th Cir. 1992).

Plaintiff is a practicing Muslim incarcerated at Cibola County Correctional Center ("CCCC"), a privately operated correctional facility contracted to house federal prisoners.  The complaint alleges that Plaintiff has been denied a diet that conforms to his religious beliefs.  Specifically, Plaintiff alleges that the warden of the facility announced that the Bureau of Prisons ("BOP") "had allegedly forced [CCCC] to adhere to the dietary menu followed by BOP facilities."  Although CCCC had previously provided a kosher diet for Muslim inmates as well as Jewish inmates, the facility's administration changed its policy and stopped providing kosher diet to Muslim inmates.  The complaint asserts that BOP facilities provide a kosher diet for Muslims.  Plaintiff contends that the policy change violates a number of his constitutional and statutory rights.  He seeks equitable relief and damages.

At base, Plaintiff alleges that Warden Vaughn, and/or his employer Defendant Corrections Corporation of America, effectuated the change of dietary policy at CCCC.  Plaintiff's allegations thus do not support claims against the other named Defendants affirmatively linking them to the asserted violation.  *See Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993).  To succeed on a civil rights claim, Plaintiff must allege some personal involvement by a defendant in the constitutional violation.  *See Mitchell v. Maynard*, 80 F.3d 1433, 1441 (10th Cir. 1996).  A civil rights action against other individuals or entities may not be based solely on a theory of respondeat superior liability for the actions of co-workers or employees.  *See id.*  Furthermore, "a detention

facility [CCCC] is not a person or legally created entity capable of being sued." *White v. Utah*, 5 F. App'x 852, 853 (10th Cir. 2001). Plaintiff's allegations thus do not state claims for relief against Defendants Holder, Bureau of Prisons, or Cibola Correctional Center, and the Court will dismiss his claims against these Defendants.

IT IS THEREFORE ORDERED that Plaintiff's claims against Defendants Holder, Bureau of Prisons, and Cibola Correctional Center are DISMISSED; and these Defendants are DISMISSED as parties to this action;

IT IS FURTHER ORDERED that the Clerk is directed to issue notice and waiver of service forms, with copies of the complaint and this order, for Defendant Vaughn, and to issue summons, with copies of the complaint and this order, for Defendant Corrections Corporation of America.

_____
UNITED STATES DISTRICT JUDGE