IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

SALVADOR PALACIOS,

    Plaintiff,

v.                                                                  CV 11-0584 MV/WPL

CORRECTIONS CORPORATION OF AMERICA, and
LEE VAUGHN, *Warden of Cibola Correctional Center*,

    Defendants.

**ORDER TO SHOW CAUSE**

Plaintiff Salvador Palacios, a federal prisoner currently housed in Cibola County Correctional Center ("Cibola"), in Milan, New Mexico, is a practicing Muslim. He brought suit alleging that Cibola planned to change its meal plan policy and would no longer allow him to partake in the kosher diet.[1] (Doc. 1.) Corrections Corporation of America ("CCA") and Lee Vaughn, Warden of Cibola, (collectively, "Defendants") filed a motion to dismiss. (Doc. 11.) Because Palacios' claims present issues of justiciability that must be resolved before reaching the merits, I direct Palacios to show cause as described below.

Palacios filed his complaint on June 30, 2011. In it, he alleges that Cibola officials held a meeting on June 17, 2011 advising Muslim inmates that they would no longer be eligible to receive a kosher diet beginning on July 1, 2011. (Doc. 1 at 3.) However, Warden Vaughn stated that each Muslim inmate requesting a kosher diet could produce a written request that would be considered on an individual basis by the head office. (*Id.*) Palacios states that "they did" provide

---

[1] While the kosher diet is based on the laws of Judaism, kosher food preparation encompasses halal requirements and, therefore, satisfies the dietary obligations of most Muslims. (Doc. 1 at 7.)

something in writing on the matter (*id.*), but he does not indicate whether Warden Vaughn or the head office rendered a decision.

Federal courts do not have unlimited jurisdiction; the United States Constitution confines the jurisdiction of the federal courts to "Cases" and "Controversies." U.S. CONST. art. III, § 2. Even when there is constitutional authority to hear a case, federal courts may decline to exercise their judicial power for prudential reasons. 13 CHARLES ALAN WRIGHT, ET AL., FEDERAL PRACTICE AND PROCEDURE § 3529, 612 (3d ed. 2008) (citations omitted). Though there are several specific categories of justiciability, the core concept at issue here is whether Palacios' claims require a judicial decision. Though the Defendants do not raise this issue, I must raise it *sua sponte* "[b]ecause it involves the court's power to entertain the suit." *Jordan v. Sosa*, 654 F.3d 1012, 1019 (10th Cir. 2011) (quoting *Green v. Haskell Cnty. Bd. of Comm'rs,* 568 F.3d 784, 792 (10th Cir. 2009)).

At the time the complaint was filed, it appeared that Palacios' injury (being denied a halal or kosher diet) was imminent. However, nearly a year has passed since Palacios filed his complaint, and he has filed nothing further with the Court. Though he was not required to file anything further, it is not apparent from the pleadings that Palacios was in fact denied a halal diet beginning July 1, 2011. If he was not, then his claims never ripened and there is no live controversy for this Court to resolve.

IT IS THEREFORE ORDERED that Palacios show cause why his complaint should not be dismissed on jurisdictional grounds. In response to this order, Palacios must advise the Court whether Defendants have denied him a kosher or halal diet since the date of his complaint. Palacios' response is due by **July 2, 2012**. **If Palacios fails to respond within the time allotted, this Court will dismiss his complaint without prejudice**.

Case 1:11-cv-00584-MV-WPL   Document 13   Filed 06/01/12   Page 3 of 3

3

IT IS SO ORDERED.

_____
William P. Lynch
United States Magistrate Judge

A true copy of this order was served
on the date of entry--via mail or electronic
means--to counsel of record and any *pro se*
party as they are shown on the Court's docket.